**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **COY CHIROPRACTIC HEALTH** ) | |
| **CENTER, INC., RICHARD COY, and** ) | |
| **POINTE EAST PHYSICAL REHAB,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **Case No. 05-cv-0221-MJR** |
| ) | |
| **AIG CLAIM SERVICES, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

In February 2005, Coy Chiropractic Health Center, Richard Coy, and Pointe East Physical Rehab ("Plaintiffs") filed a putative class action suit in the Circuit Court of Madison County, Illinois against three Defendants (collectively referred to as "AIG"). Plaintiffs' state law complaint contained claims for breach of contract, civil conspiracy, and violation of consumer fraud statutes. AIG timely removed the case to this Court, invoking subject matter jurisdiction under the federal diversity statute, **28 U.S.C. § 1332**. Plaintiffs moved to remand the case in April 2005.

More than five months later, after the parties fully briefed all jurisdictional issues, the undersigned Judge rejected AIG's jurisdictional arguments and granted Plaintiffs' remand motion (detailed Order at Doc. 23). Three days later, AIG moved this Court to reconsider that ruling.

The Federal Rules of Civil Procedure do not specifically authorize the filing of motions to reconsider. Such motions are filed routinely, however, and are construed as Rule 59(e) motions to alter/amend *or* Rule 60(b) motions for relief from judgment/order.

-1-

The United States Court of Appeals for the Seventh Circuit uses a bright-line test to determine which Rule governs.  If the motion to reconsider was filed within ten days of entry of the challenged judgment or order, then Rule 59(e) applies.  If the motion to reconsider was filed *more than* ten days after entry of the challenged judgment or order, Rule 60(b) applies.  ***See Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997); *Russell v. Delco Remy Division of General Motors* Corp., 51 F.3d 746, 750 (7th Cir. 1995); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).**

AIG's motion was filed within ten days of the remand Order and will be analyzed as a Rule 59(e) motion for relief from order.  Four grounds justify reconsideration under Rule 59(e): (1) an intervening change in the law; (2) new evidence not available at the time of the original ruling; (3) a clear legal error; and (4) the prevention of manifest injustice.  ***See* Baicker-McKee, Janssen & Corr, FEDERAL CIVIL RULES HANDBOOK, p. 915 (2004).**

Stated another way, Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence."  ***Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).**  Motions to reconsider may not be used to relitigate issues considered already or to present arguments which could have been addressed previously.  ***Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Publishers Resource*,  762 F.2d at 561 (motion to reconsider is not vehicle "to tender new legal theories for the first time").**

In the case at bar, AIG has neither pointed to an intervening change in the law nor identified new evidence, a clear legal error, or manifest injustice.  Rather, in support of the motion to reconsider, AIG advises the undersigned Judge that, in another case, another Judge in this District (the Honorable David R. Herndon) reached a different conclusion on one aspect of the jurisdictional analysis – *i.e.*, whether, in determining the amount in controversy, the Court can look only to the claims of the named Plaintiffs or can look to the claims of *any* putative class member.

The undersigned Judge (who has the utmost respect for his colleagues on this bench) was aware of Judge Herndon's ruling and, in fact, had reviewed that ruling before issuing the Order of remand herein.  The undersigned Judge simply disagrees with Judge Herndon on this point.

The law of this Circuit plainly holds that – for a defendant to successfully remove a class action based on diversity – at least one of the <u>named</u>  plaintiffs must have a claim that surpasses the $75,000 jurisdictional bar.  ***In re Brand Name Prescription Drugs Antitrust Litigation***, **123 F.3d 599, 607 (7th Cir. 1997)**, ***cert. denied***, **522 U.S. 1153 (1998)**; ***Garbie v. DaimlerChrysler Corp.***, **211 F.3d 407, 409 (7th Cir. 2000)**.  In the case *sub judice*, none of the named Plaintiffs had a claim that crossed the $75,000 threshold.

AIG has not presented any basis supporting relief under Rule 59(e), and the Court **DENIES** AIG's motion to reconsider (Doc. 24).

**IT IS SO ORDERED.**

**DATED this 26th day of October, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**